UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE A. DALEY,

       Plaintiff,

                                    Case No.

-v-                                      Judge:

ORGAN PROCUREMENT AGENCY
OF MICHIGAN, a Michigan Corporation,
d/b/a GIFT OF LIFE MICHIGAN,

       Defendant.
_____/

BOGAS & KONCIUS P.C.
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
_____/

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, ANDRE A. DALEY, by and through his attorneys, Bogas & Koncius P.C., and states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, ANDRE A. DALEY is a resident of the United States, resides in Washtenaw County, Michigan.

- 1 -

2. Defendant ORGAN PROCUREMENT AGENCY OF MICHIGAN d/b/a Gift of Life Michigan (hereinafter referred to as "GIFT OF LIFE MICHIGAN") is a domestic corporation, has its headquarters in Ann Arbor, Washtenaw County, Michigan, does business as GIFT OF LIFE MICHIGAN, and has continuously had at least 15 employees at all relevant times.

3. This is an action for discrimination and retaliation in violation of The Civil Rights Act of 1964, as amended 2001, 42 U.S.C. § 2000e, et seq. ("Title VII") and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA").

4. At all relevant times, Defendant Gift of Life Michigan was an employer, and Plaintiff was its employee within the meaning of Title VII and Michigan's ELCRA.

5. The facts and unlawful employment practices within the meaning of Title VII and Michigan's ELCRA, giving rise to this Complaint, occurred primarily in the City of Ann Arbor, County of Washtenaw, State of Michigan.

6. Defendant is an employer, and Plaintiff was its employee within the meaning of Title VII and Michigan's ELCRA.

7. The amount in controversy exceeds $75,000.00, exclusive of costs, interests, and attorney fees.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1343(3) and 1343(4) conferring original jurisdiction upon this Court of any civil

action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, including Title VII. The Court's pendent jurisdiction of claims arising under Michigan's ELCRA is invoked.

9. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C.A. § 1391(b) and (c).

## GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

11. Plaintiff is a Black male.

12. Plaintiff commenced his employment with Defendants on or about June 2023.

13. Plaintiff completed his 90-day probationary period without issue.

14. At all times relevant hereto, Plaintiff was employed with Defendant Gift of Life of Michigan in the role of Diversity Equity and Inclusion Program Manager.

15. At all times relevant hereto, Plaintiff reported to both the Vice President of Operations, Sharon Bayliss, and the Director of Human Resources, Courtney Kupres.

16. At all times relevant hereto, Plaintiff performed his job diligently and in an exemplary manner.

17. The VP of Communications & External Affairs, Patrick Wells O'Brien, began to challenge Plaintiff's work being planned and completed by Plaintiff.

18. O'Brien told Plaintiff that Plaintiff, as a Black man, should not be diluting the work Plaintiff was hired to do and that he would not support Plaintiff moving forward.

19. Plaintiff brought his concerns about the treatment he was receiving from O'Brien to his Supervisors.

20. Kupres directed Plaintiff to speak with Bayliss, who in turn suggested that Plaintiff take his concerns to the CEO, Dorrie Dils.

21. Plaintiff went to Dils and reporter the concerns he had with O'Brien.

22. The CEO provided Plaintiff with direction and confirmation that his performance and strategy were proper.

23. In 2024, Plaintiff was met with a series of attacks on his character, personally and professionally, by those in the Communications department headed by O'Brien.

24. Plaintiff was accused of being homophobic and seeking a platform for white supremacy, both of which are untrue.

25. The Director of Communications also told Plaintiff that nothing he prepares in the work he was doing should be provided to the organization and/or the broader community and sought to make it so. She stated that nothing Plaintiff

did could go anywhere without her review and approval. This was not how others were treated.

26. Plaintiff felt he was being treated differently as a Black male than others in the departments he was reporting to and other managers at his level in the organization.

27. Plaintiff reported this to HR Director, Kupres, through the course of several meetings, but nothing was done to stop these false allegations, discrimination, and hostile work environment.

28. Further, Plaintiff shared with HR Director, Kupres, in a staff meeting that a Black employee came to him with concerns of discrimination, Kupres immediately looked at Plaintiff and said that this employee was "always playing the race card."

29. Plaintiff continued to perform his work while trying to avoid these attacks on his character and work.

30. Plaintiff's initiatives, the Employee Resource Groups and Inclusion Roundtable, were undermined by the Director of Communications by removing them and replacing them within the organization.

31. These actions were a part of a clear campaign to intimidate and harass Plaintiff, creating a hostile work environment, in an attempt to force Plaintiff to quit or to ultimately terminate his employment.

32. The lack of support and action to curb these attacks against Plaintiff was in retaliation for his reporting of the same.

33. Plaintiff, despite these attacks, and lack of support, continued to complete his tasks and better the organization, successfully implementing and deploying an addition to the rewards and recognition system and annual employment engagement survey.

34. Plaintiff hoped that his good work would win over his detractors and he would be free to work in peace. This did not happen.

35. Plaintiff continued to report to his Supervisors about the ongoing attacks and discrimination he faced during his check-ins.

36. Finally, a meeting was scheduled with Plaintiff, his Supervisors and O'Brien and the Director of Communications.

37. When Plaintiff shared his concerns about being treated differently than other program managers in the organization and about leadership behavior and expectations that were not being followed, he was attacked and accused of trying to oust the Director of Communications from the organization.

38. Plaintiff tried to respond that he simply wanted to be treated fairly and like others, he was stopped by Kupres and told that the Director of Communications could say whatever she wanted because that was her opinion.

39. Around the same time, the Human Resources department and its management team engaged in a team-building session with an organizational consultant.

40. During this meeting, Plaintiff shared his caution in responding during a debriefing session because of his fear of how he would be treated due to the differential treatment he had been experiencing and the lack of help he received when he complained.

41. Immediately, the other members of the HR management team began to dispute Plaintiff's statements and defend their own actions/inactions.

42. The consultant stopped the group and asked if they could see that their response was minimally unconscious bias and more likely simple discrimination.

43. The managers did not concede that and continued to reassert their own defensive positions, and Kupres simply said that they were entitled to their position as a matter of perspective and a difference of opinion.

44. Another meeting was scheduled (but never occurred due to Plaintiff being terminated) to discuss this further.

45. Plaintiff met virtually with Bayliss who said she was working to resolve the differential treatment he was receiving.

46. Plaintiff also met with the CEO, Dils, who had previously told him to come back to her if the issues persisted. This meeting occurred on the Friday before Plaintiff was terminated.

47. Plaintiff shared what had been happening in the organization and the discrimination, harassment, hostile work environment, and retaliation he had been dealing with.

48. The CEO agreed to wait for a scheduled follow-up meeting to see if the issues could be resolved through that process.

49. However, that meeting never occurred as Plaintiff was terminated the following Monday via Zoom.

50. Plaintiff was told his resignation was accepted, though he never resigned.

51. Plaintiff began to object and was shut down saying there was no room for discussion.

**COUNT I**
**RACE DISCRIMINATION**
**IN VIOLATION OF 42 U.S.C. § 2000e, ET SEQ. (TITLE VII)**

52. The allegations set forth in the above paragraphs are incorporated by this reference.

53. Plaintiff is Black and entitled to the protections of 42 U.S.C. § 2000e, *et seq*. (Title VII).

54. At all relevant times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of 42 U.S.C. § 2000e, *et seq*. (Title VII).

55. Defendant, by and through its agents, servants, and/or employees, intentionally discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 2000e, et seq. (Title VII), by the following acts:

   a. discharging and/or otherwise discriminating against Plaintiff with respect to his employment, compensation or a term, condition, or privilege of employment, because of race;

   b. limiting, segregating, and/or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of race;

   c. segregating, classifying and/or otherwise discriminating against Plaintiff on the basis of race with respect to a term, condition, or privilege of employment, including a benefit plan or system; and

   d. failing to provide a work environment free from racial discrimination and harassment.

56. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 2000e, et seq. (Title VII), Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

57. As a further direct and proximate result of Defendant's violation of 42 U.S.C. § 2000e, et seq. (Title VII), Plaintiff has been placed in financial distress and has suffered loss of earnings and benefits, loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grants the following remedies:

    A.    declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of 42 U.S.C. § 2000e, et seq. (Title VII);

    B.    award Plaintiff all lost wages, past and future, to which he is entitled;

    C.    award Plaintiff compensatory damages;

    D.    award Plaintiff punitive damages;

    E.    award Plaintiff reasonable attorney fees, costs, and interest; and

    F.    award such other relief as this Court deems just and proper.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA 37.2101, ET SEQ., MSA 3.548(101) ET SEQ.

58. The allegations set forth in the above paragraphs are incorporated by this reference.

59. Plaintiff is Black and entitled to the protections of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq.

60. At all relevant times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq.

61. Defendant, by and through its agents, servants, and/or employees, intentionally discriminated against Plaintiff on account of his race in violation of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., by the following acts:

    a.    discharging and/or otherwise discriminating against Plaintiff with respect to his employment, compensation or a term, condition, or privilege of employment, because of race;

    b.    limiting, segregating, and/or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff because of race;

    c.    segregating, classifying and/or otherwise discriminating against Plaintiff on the basis of race with respect to a term, condition, or privilege of employment, including a benefit plan or system; and

    d.    failing to provide a work environment free from racial discrimination and harassment.

62. As a direct and proximate result of Defendant's violation of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and

physical anguish, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

63. As a further direct and proximate result of Defendant's violation of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., Plaintiff has been placed in financial distress and has suffered loss of earnings and benefits, loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grants the following remedies:

A. declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq.;

B. award Plaintiff all lost wages, past and future, to which he is entitled;

C. award Plaintiff compensatory damages;

D. award Plaintiff reasonable attorney fees, costs, and interest; and

E. award such other relief as this Court deems just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF
## 42 U.S.C. § 2000e, ET SEQ. (TITLE VII)

64. The allegations set forth in the above paragraphs are incorporated by this reference.

65. After making complaints of discrimination, harassment and hostile work environment, Plaintiff was subject to retaliation and further discrimination by Defendant and its agents, servants, and/or employees, including, but not limited to:

    a. Continuing and increased derogatory comments and conduct;

    b. Threats and intimidation;

    c. Harassment of a nonsexual nature;

    d. Interfering with Plaintiff's work and work projects;

    e. Constructive discharge from his employment and/or termination from his employment.

66. Defendant and its agents, servants and/or employees actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

67. During the time Plaintiff was employed by Defendant, Plaintiff opposed race discrimination based on 42 U.S.C. § 2000e, et seq. (Title VII).

68. Plaintiff was discharged by Defendant in retaliation for their opposition to civil rights violations and race discrimination.

69. As a direct and proximate result of Defendant's retaliation in violation of 42 U.S.C. § 2000e, et seq. (Title VII), Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

70. As a further direct and proximate result of Defendant's retaliation in violation of 42 U.S.C. § 2000e, et seq. (Title VII), Plaintiff has been placed in financial distress and has suffered loss of earnings and benefits, loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grants the following remedies:

A. declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of 42 U.S.C. § 2000e, et seq. (Title VII);

B. award Plaintiff all lost wages, past and future, to which he is entitled;

C. award Plaintiff compensatory damages;

D. award Plaintiff punitive damages;

E. award Plaintiff reasonable attorney fees, costs, and interest; and

F. award such other relief as this Court deems just and proper.

### COUNT IV
### RETALIATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT,
### MCLA 37.2101, ET SEQ., MSA 3.548(101) ET SEQ.

71. The allegations set forth in the above paragraphs are incorporated by this reference.

72. After making complaints of race discrimination, harassment and hostile

work environment, Plaintiff was subject to retaliation and further discrimination by Defendant and its agents, servants, and/or employees, including, but not limited to:

    a.    Continuing and increased derogatory comments and conduct;

    b.    Threats and intimidation;

    c.    Harassment of a nonsexual nature;

    d.    Interfering with Plaintiff's work and work projects;

    e.    Constructive discharge from his employment and/or termination of his employment.

73. Defendant and its agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

74. During the time Plaintiff was employed by Defendant, Plaintiff opposed race discrimination based on Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq.

75. Plaintiff was discharged by Defendant in retaliation for his opposition to civil rights violations and race discrimination.

76. As a direct and proximate result of Defendant's retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

77. As a further direct and proximate result of Defendant's retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq., Plaintiff has been placed in financial distress and has suffered loss of earnings and benefits, loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grants the following remedies:

A. declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of Michigan's Elliott-Larsen Civil Rights Act, MCLA 37.2101, et seq.

B. award Plaintiff all lost wages, past and future, to which he is entitled;

C. award Plaintiff compensatory damages;

D. award Plaintiff reasonable attorney fees, costs, and interest; and

E. award such other relief as this Court deems just and proper.

**BOGAS & KONCIUS P.C.**

By: /s/ BRIAN E. KONCIUS
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Rd, Ste 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com

Date: November 25, 2025

- 17 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE A. DALEY,

       Plaintiff,

                                                  Case No.

-v-                                            Judge:

ORGAN PROCUREMENT AGENCY
OF MICHIGAN, a Michigan Corporation,
d/b/a GIFT OF LIFE MICHIGAN,

       Defendant.
_____/

BOGAS & KONCIUS P.C.
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
office@kbogaslaw.com
_____/

## **JURY DEMAND**

Plaintiff ANDRE A. DALEY, by and through his attorneys, Bogas & Koncius P.C., hereby demands a jury trial on all issues.

                                   **BOGAS & KONCIUS P.C.**

                      By:    /s/ *BRIAN E. KONCIUS*
                              BRIAN E. KONCIUS (P69278)
                              Attorneys for Plaintiff
                              31700 Telegraph Rd, Ste 160
                              Bingham Farms, MI  48025
                              (248) 502-5000
Date: November 25, 2025        office@kbogaslaw.com